## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 12-31188 (JAM) |
| | ) | | |
| ROBERT G. FEENSTRA, | ) | CHAPTER | 7 |
| | ) | | |
| DEBTOR. | ) | | |
| | ) | | |
| ROSENBERG & PRESS, LLC, | ) | ADV. PRO. NO. | 12-3068 |
| | ) | | |
| PLAINTIFF | ) | ECF NO. | 1 |
| vs. | ) | | |
| | ) | | |
| ROBERT G. FEENSTRA, | ) | | |
| | ) | | |
| DEFENDANT. | ) | | |

### APPEARANCES

Christopher D. Hite, Esq.                           Attorney for the Plaintiff
Rosenberg & Press, LLC
3333 Main Street, Suite 100
Stratford, CT 06614

Lori M. Dion, Esq.                                  Attorney for the Defendant
Law Office of Lori M. Dion, LLC
883 Black Rock Turnpike
Fairfield, CT 06825

## MEMORANDUM OF DECISION
## ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Julie A. Manning, United States Bankruptcy Judge

### I.   INTRODUCTION

Before the Court is the one count complaint of Rosenberg & Press, LLC (the "Plaintiff"),

seeking to have its debt for unpaid legal fees owed by Robert G. Feenstra (the "Defendant"), deemed

non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)[1]. A trial on the merits was held in this matter

on September 30, 2013. At the trial, the Plaintiff and the Defendant stipulated to the introduction

of each party's exhibits and each party called one witness. For the reasons that follow, judgment will

enter against the Plaintiff and in favor of the Defendant.

## II.    JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this

matter pursuant to 28 U.S.C. § 1334(b). This Court has authority to hear and determine this matter

pursuant to 28 U.S.C. §§ 157(a), (b)(1) and (b)(2)(I) and the District Court's General Order of

Reference dated September 21, 1984. The instant action is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(I).

## III.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Federal Rule of Civil Procedure 52, made applicable to this matter through

Federal Rule of Bankruptcy Procedure 7052, the following are the Court's findings of fact and

conclusions of law:

### A.    Findings of Fact

1.     The Plaintiff is a limited liability company that operates a law office located

in Stratford, Connecticut. (Complaint dated August 24, 2012 at p. 4; testimony of Attorney Max

Rosenberg at September 30, 2013 trial ).

---

[1]   The complaint asserts a cause of action under "§523(a)(2)". Since the complaint does not allege a claim
arising out of a false financial statement (11 U.S.C. § 523 (a)(2)(B)), the Court finds the that the Plaintiff is seeking relief
under 11 U.S.C. § 523 (a)(2)(A).

- 2 -

2.      On or about February 10, 2011, the Defendant retained the Plaintiff to represent him in a divorce proceeding. (Plaintiff's Exhibit A; Defendant's Exhibit 1, answer to Interrogatory No. 1, p. 1; testimony of Attorney Max Rosenberg at September 30, 2013 trial).

3.      The Plaintiff provided legal services to the Defendant pursuant to a civil fee agreement dated February 10, 2011 (the "Fee Agreement"). The Fee Agreement was signed by the Plaintiff and Defendant on February 10, 2011. (Plaintiff's Exhibit A). The Fee Agreement does not reference bankruptcy proceedings or the possible filing of a bankruptcy case by the Defendant (Plaintiff's Exhibit A).

4.      The Fee Agreement provided, among other things, that the initial fee for an uncontested divorce proceeding would be Six Thousand Five Hundred Dollars ($6,500.00), payable in installments of at least $500.00 every fourteen days from the date of signature. (Plaintiff's Exhibit A, pp. 1 and 2).

5.      The Fee Agreement also provided that "If this matter becomes contested, a new retainer shall be created and signed, with new and additional terms therein". (Plaintiff's Exhibit A). No evidence was presented at trial that a new retainer was ever discussed or executed after execution of the Fee Agreement.

6.      The Fee Agreement also provided that if the Defendant at any time failed to make payments promptly, the Plaintiff could seek to withdraw as counsel and take all legal action it deemed necessary or appropriate to collect fees and expenses. (Plaintiff's Exhibit A, p. 2).

7.      At no time during the Plaintiff's representation of the Defendant in the divorce proceeding did the Plaintiff move to withdraw as counsel to the Defendant. (Testimony of Robert G. Feenstra at September 30, 2013 trial).

- 3 -

8.      The Fee Agreement also contained a Termination of Representation provision which provided the Plaintiff with the right to withdraw from further representation of the Defendant if the Defendant failed to cooperate with the Plaintiff, the Defendant misrepresented or concealed facts relevant to the divorce proceeding, or if the Defendant refused to pay for fees, costs and expenses. (Plaintiff's Exhibit A, p. 2).

9.      Between April 1, 2011 and May 8, 2012, the Defendant paid the Plaintiff $4,535.00 for legal services rendered in connection with the divorce proceeding. (Defendant's Exhibit 1, answer to Interrogatory No. 4, p. 2).

10.     Between June 6, 2011 and February 8, 2012, the Plaintiff sent the Defendant five invoices for legal services rendered, some of which contained a balance due and owing to the Plaintiff. (Plaintiff's Exhibit B).

11.     Between June 6, 2011 and February 8, 2012, the Plaintiff and the Defendant had discussions and exchanged email messages about the late payment of legal fees and issues related to the possible filing of a bankruptcy case by the Defendant. (Plaintiff's Exhibits C through G; testimony of Max Rosenberg at September 30, 2013 trial; testimony of Robert G. Feenstra at September 30, 2013 trial).

12.     The Plaintiff ended its representation of the Defendant prior to February, 10, 2012. (Defendant's Exhibit 1, answer to Interrogatory No. 8, p. 3; Defendant's Exhibit 1, p. 24).

13.     At the time the Plaintiff ended its representation of the Defendant, $11,000.00 was due and owing to the Plaintiff. (Plaintiff's Exhibit B, p. 8; Defendant's Exhibit 1, answer to Interrogatory No. 10, p. 3).

- 4 -

14.     On or about February 10, 2012, the Plaintiff commenced an action against the

Defendant in the Connecticut Superior Court entitled *Rosenberg and Press, LLC v. Robert Feenstra*,

CV-12-6009094 (the "Superior Court action"). The Plaintiff filed a four count complaint against

the Defendant alleging: (I) a breach of contract cause of action for failure to pay outstanding legal

fees; (ii) a quantum meruit cause of action; (iii) a promissory estoppel cause of action; and (iv) an

unjust enrichment cause of action. (Defendant's Exhibit 1, pp. 24-27). The Plaintiff's Statement

of Amount of Demand filed with the complaint states that "The remedy sought is based upon an

expressed or implied promise to pay a definite sum". (Defendant's Exhibit 1, p. 28).

15.     The complaint in the Superior Court action does not contain an allegation that

the debt owed to the Plaintiff was obtained by false pretenses or that the Defendant made false

representations to the Plaintiff at the time the Fee Agreement was executed. (Defendant's Exhibit

1, pp. 24-28).

16.     The Defendant did not appear and did not contest the claims asserted by the

Plaintiff in the Superior Court action. (Testimony of Robert G. Feenstra at September 30, 2013 trial).

17.     On or about April 2, 2012, the Plaintiff obtained a judgment against the

Defendant in the Superior Court action in the amount of $11,334.60. (Defendant's Exhibit 1, p. 31).

18.     On May 8, 2012, after the Plaintiff ended its representation of the Defendant

and after it obtained a judgment against the Defendant in the Superior Court action, the Defendant

made a payment of $35.00 to the Plaintiff. (Defendant's Exhibit 1, answer to Interrogatory No. 4,

p. 2; Testimony of Attorney Max Rosenberg at September 30, 2013 trial; testimony of Robert G.

Feenstra at September 30, 2013 trial).

- 5 -

19. On May 17, 2012, the Defendant filed a Chapter 7 Petition in the United States Bankruptcy Court for the District of Connecticut in which, among other things, he listed the debt owed to the Plaintiff on his Schedule F. (Case No. 12-31188, Doc. I.D. # 1, p. 14).

20. On August 24, 2012, the Plaintiff filed a one count complaint against the Defendant seeking to have the debt owed to it by the Defendant deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). (Adv. Pro. No. 12-03068, Doc. I.D. # 1).

**B.     Conclusions of Law**

11 U.S.C. § 523(a)(2)(A) requires a plaintiff to allege and prove that the party against whom it is seeking a judgment: (1) made a false representation; (2) which the party knew was false at the time the representation was made; (3) with the intent and purpose of deceiving the plaintiff or inducing the plaintiff to act to its detriment; (4) the plaintiff relied on the representation to its detriment; and (5) the false representation was the proximate cause of the plaintiff's loss. *F.D.I.C. v. Roberti (In re Roberti),* 201 B.R. 614 (Bankr. D. Conn. 1996). The false representations giving rise to the debt must have been made knowingly and fraudulently. *Id.* at 620-21. As noted by many courts, the failure to honor one's promise is a breach of contract, but making a promise that one intends not to keep is fraud. *See, e.g., Marcella v. ARP Films, Inc.*, 778 F.2d 112, 119 (2d Cir. 1985); *Drexel Burnham Lambert Inc. v. Saxony Heights Realty Assocs.,* 777 F.Supp. 228, 235 (S.D.N.Y. 1991). It is well settled that the plaintiff bears the burden of proof in a § 523(a)(2)(A) action by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279 (1991).

At the trial in this matter, the Plaintiff introduced the Fee Agreement. The Plaintiff also solicited testimony regarding the inability of the Defendant to pay all of the fees incurred by the Plaintiff. However, the Plaintiff bears the burden to prove falsity by a preponderance of the

- 6 -

evidence. *Grogan*, 498 U.S. at 291; *cf. DeBenedictis v. Brady-Zell (In re Brady-Zell)*, No. 10-1119, 2013 WL 1342479 (Bankr. D. Mass. Apr. 2, 2013), *aff'd*, 2013 WL 5778957 (BAP 1st Cir. Oct. 24, 2013).

   The Plaintiff did not present any evidence to support the conclusion that the Defendant made a false representation about his ability to pay for legal services at the time the Fee Agreement was executed. Although evidence was presented that discussions occurred between the parties regarding the late payment of legal fees and the possible filing of a bankruptcy case, evidence was not presented to support the conclusion that the Defendant *never* intended to pay legal fees incurred by the Plaintiff at the time the Fee Agreement was executed. In fact, the uncontested evidence demonstrates that the Defendant paid $4,535.00 to the Plaintiff for services rendered over a period of several months. Furthermore, in response to Defendant's Interrogatory No. 13, the Plaintiff admits that the Defendant made a payment of $35.00 to the Plaintiff after it obtained a monetary judgment against the Defendant in the Superior Court action. The absence of evidence demonstrating that the Defendant made a false representation about his ability to pay for legal services at the time the Fee Agreement was executed is fatal to the relief sought by the Plaintiff.

## IV.    CONCLUSION

Because the Court concludes that the Plaintiff has failed to demonstrate that the Defendant

made a false statement regarding his ability to pay legal fees incurred by the Plaintiff, judgment will

enter against the Plaintiff and in favor of the Defendant in this matter.

## SO ORDERED.

At New Haven, Connecticut this 15th day of November, 2013.

BY THE COURT,

Julie a. Manning

Julie A. Manning
United States Bankruptcy Judge

- 8 -